prejudice of any other creditor or incumbrancer or purchaser, unless within four months after completion, he shall either bring suit to enforce his lien therefor or shall file his claim for lien, and her rights will be protected, especially where the contractor has constructive notice, due to the recording of the deed, of the transfer three months prior to the expiration of the four months' period.

3. MECHANICS' LIENS, § 93*—*when claim for lien may be enforced.* No lien can be enforced even as against the owner of property unless a claim for a mechanic's lien is filed, or suit to enforce the lien begun, within four months after the last payment on a building contract.

---

## Nellie A. Bechtel, Executrix, Defendant in Error, v. George A. Marshall, Plaintiff in Error.

## Gen. No. 22,624. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed October 2, 1917. Rehearing denied October 15, 1917.

### Statement of the Case.

Action by Nellie A. Bechtel, executrix of the last will and testament of Henry H. Bechtel, deceased, plaintiff, against George A. Marshall, defendant, on a promissory note. From a judgment for plaintiff for $24,207.24 upon a directed verdict, defendant brings error.

HELMER, MOULTON, WHITMAN & WHITMAN, for plaintiff in error; LLOYD C. WHITMAN and ROLAND D. WHITMAN, of counsel.

CULVER, ANDREWS & KING, for defendant in error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 420*—*when documentary evidence is inadmissible in action on note.* In an action by the representative of a deceased stockholder on a note given by one stockholder to deceased in an alleged settlement among stockholders at the time of the winding up of the business of the corporation, to reimburse deceased for the portion of defendant's share of the debts of the corporation assumed by deceased, in which defendant claimed that there was an error in the statement of accounts at the time of settlement, *held* that writings in books and papers offered by defendant made by parties other than deceased or his representatives were inadmissible, because not binding on him, and that other writings, the authorship of which was not shown, were also inadmissible.

2. BILLS AND NOTES, § 443*—*when evidence insufficient to show failure of consideration.* In an action by the representative of a deceased stockholder in a corporation on a note given by another stockholder in an alleged settlement of defendant's share of the indebtedness of the corporation assumed by deceased, evidence *held* insufficient to show that such note was without consideration.

3. BILLS AND NOTES, § 440*—*when evidence insufficient to show note was for accommodation purposes.* In an action by the representative of a deceased stockholder in a corporation on a note given by another stockholder in an alleged settlement of defendant's share of the indebtedness of the corporation assumed by deceased, evidence *held* insufficient to show that such note was for accommodation purposes.

4. BILLS AND NOTES, § 407*—*when burden of proof is on defendant.* The burden of proof is on defendant in an action on a promissory note to show failure of consideration.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.